## LEFAVOUR v. WHITMAN SHOE CO.

(Circuit Court, S. D. New York. December 31, 1894.)

CONTEMPT—INTERFERENCE WITH SHERIFF'S POSSESSION OF ATTACHED PROPERTY.
Plaintiff had been an agent for defendant, conducting business in his own name, and selling goods, on credit, to sundry persons. He commenced an action by attachment, in a state court, against defendant, and caused the attachment to be levied upon the debts due from the persons to whom such goods were sold. The cause was removed to the federal court, and the attached property transferred from the sheriff to the marshal. While the debts were thus in the hands of the sheriff and marshal, plaintiff proceeded to collect the same, and received the proceeds. *Held*, that such conduct was a contempt of court.

Prior to October 30, 1893, plaintiff, Herbert Lefavour, conducted business on his own account at 96 Duane street, New York City. On that day he made a contract with defendant, the Whitman Shoe Company, of Boston, Mass., under which he thereafter conducted business at the same place as its agent, but under his own name; all goods, assets, book accounts, etc., of the business becoming the property of the Whitman Shoe Company. In August, 1894, the Whitman Shoe Company assigned all its property, including the business at 96 Duane street, New York, to William H. Daniels, for the benefit of its creditors. October 31, 1894, Lefavour commenced this action against the Whitman Shoe Company in the supreme court of New York, and caused an attachment to be issued and levied upon the property at 96 Duane street, including the book accounts.

November 10, 1894, the cause was removed to the United States circuit court, and on November 16th, pursuant to an order of that court, the attached property was delivered by the sheriff to the United States marshal. On November 20th an order was made directing the marshal to deliver the attached property to William H. Daniels, who had claimed the same, as assignee, the sureties upon the indemnity bond on such claim having failed to justify, and, under said order, the books, containing the accounts, with persons to whom goods had been sold, were delivered to Daniels. After the levy of the attachment, and both prior and subsequent to November 20th, the plaintiff Lefavour, with the assistance of Abraham A. Joseph, an attorney, collected a number of the book accounts outstanding at the time of the attachment, in some cases by solicitation, and in others by the threat or use of legal process. The defendant and Daniels now move to punish plaintiff and Joseph for contempt in collecting such accounts, alleging that such collection was misconduct by which a right and remedy of defendant and of Daniels was defeated, impaired, impeded, and prejudiced.

Abram Kling, for complainant.
George H. Adams, for defendant.

LACOMBE, Circuit Judge. Joseph denies under oath that he was aware of the facts, which were manifestly within the knowledge of the plaintiff. He may be given the benefit of the doubt, and as to aim the motion is denied. The writ of attachment commanded the sheriff to attach and safely keep so much of the property within the county, which the defendant had or might have at any time before final judgment in the action, as will satisfy plaintiff's demand. In obedience to such writ, the sheriff, by his deputy, presented himself at the premises No. 98 Duane street, where the business of the defendant was conducted, and, serving the notice required by law, attached all personal property there found, including "all books of account, vouchers, and papers relating to the property, debts, credits, and effects of said defendant." Lefavour appears to have been present on this occasion, and to have himself pointed out to the sheriff the property, books, papers, etc., levied upon. It is no doubt true that the sheriff did not give to the several individuals and firms who were indebted to defendant the notice required by the New York Code, which, if served, would have made them liable should they thereafter pay such debts to any one except the sheriff or his proper representative. So far as the defendant was concerned, however, or any one claiming through the defendant with full knowledge of all the facts, levy was complete when the books and papers were taken into the custody of the sheriff, and the defendant's representative notified thereof. It appears that subsequent to the levy defendant has collected some of the money due to the defendant, enumerated in its books, and which he perfectly well knew was included within the writ and notice; and this money he collected as the representative and former business manager of the defendant. In so doing he has acted in disobedience of the writ, which ordered that the property should be safely kept by the sheriff. The removal of the cause to this court makes it the vindicator of the writ which, by section 4 of the judiciary act of 1875, is declared after removal to hold the goods or estate attached or sequestered to abide final judgment in this court. As to debts due to the defendant, therefore, which were collected by Lefavour prior to November 20, 1894, he seems to be plainly in contempt. As to like debts collected by him after November 20, 1894, the case is not so plain, and he may be given the benefit of the doubt. Proceedings to punish for contempt, however, are personal, and there is nothing to show that Lafavour has been served personally with notice of this application. Plaintiff may therefore take an order to show cause directed to Herbert Lefavour, requiring him to appear personally before this court on Saturday, January 5, 1895, at 11 o'clock in the forenoon, and there and then show cause why he should not be committed for 10 days as a punishment for his contempt of this court.