LAUGHLIN et al. v. QUEEN CITY CONST. CO., Limited, et al.

(Circuit Court, N. D. New York. October 17, 1898.)

ATTACHMENT—GROUNDS—SUFFICIENCY OF AFFIDAVIT.
    Under the statutes of New York, an affidavit sworn to on the same date the complaint was verified, and averring that plaintiff has performed labor and services for defendant from a time stated "down to the present time," does not show a breach of contract or a cause of action accrued which will support an attachment.

At Law. Motion to vacate attachment.

Baker, Schwartz & Dake, for plaintiffs.

Stern & Rushmore, William B. Hoyt, and W. Benton Crisp, for defendants.

COXE, District Judge. This action was commenced in the supreme court of the state of New York. It was removed to this court on the ground of diverse citizenship. An attachment was granted by the state court pursuant to sections 635 and 636 of the New York Code of Civil Procedure. The defendants move to vacate upon the ground that the affidavits on which the attachment was granted are defective and insufficient.

The complaint alleges, "that since the fore part of the year 1894 and down to the present time" the plaintiffs have performed divers work, labor and services for the defendants at their request. The principal affidavit in support of the attachment contains a precisely similar averment. It is insisted that upon these allegations the action was prematurely brought and the attachment improvidently granted. This question, relating as it does to the action of the state court under the state statute, must be determined by state law. This being so it is thought that the case is ruled by Smadbeck v. Sisson, 31 Hun, 582. In the Smadbeck Case the allegation was that the "said work, labor and services were performed during a period from September 1, 1882, to the time of the commencement of this action." The attachment was vacated for the reason that there was no statement of a notification to the defendants that the services were completed, no evidence of a demand, of a refusal to pay, of a breach of the con-

tract or, in fact, of any fact from which the court could draw the in-ference that the right of action was complete on the day when the action was commenced.    The only difference between the two cases is that in the Smadbeck Case the allegation is that the services con-tinued "to the commencement of the action" and in the case at bar "to the present time."    The two statements are synonymous.    Of this there can be no question.    If there were any doubt on the subject it is removed by the further allegation of the affidavit that "the summons in this action has not been served upon the defendants.    Said sum-mons has been prepared to be served on the defendants concurrently with the execution of a warrant of attachment to be applied for here-in."    The papers also show that the complaint was verified and the affidavits sworn to upon the same day.    When the affiant stated that the services sued for continued "down to the present time" he made a perfectly clear and intelligible statement.    There is nothing ambig-uous about it.    It is not capable of two interpretations.    The "pres-ent time" was the time then present—the time when the affidavit was made.    It is contended that the expression "present time" includes a large and indefinite section of past time, and that the services ex-tended down to the outlying boundary but did not extend into it or be-yond it.    In other words, it is asserted that the statement that the services extended down to the present time is equivalent to saying that they were performed since 1894 "and prior to the present time." This will not do.    The plain import of the words cannot be so dis-torted.

Again, it is argued that the defect is cured by the following aver-ment in another affidavit, namely:

"That at one time a representative of the defendants who represented them for the purpose of adjusting the claims of these plaintiffs * * * did prom-ise to pay these plaintiffs the sum of $30,000 for the services mentioned."

This allegation in no way aids the plaintiffs.    Their action is still one to recover $46,000 for services performed from the early part of 1894 down to the time the affidavit was made on July 11, 1898.    The alleged promise did not in the least change the cause of action.    The promise was not fulfilled and the account was not adjusted on the basis of $30,000.    The plaintiffs never agreed to accept it in full pay-ment.    If the action were upon the promise to pay $30,000 there might be some force in the plaintiffs' position, but it is not.

It is true that this motion is based upon grounds somewhat tech-nical. but, on the other hand, the remedy by attachment is a severe one and the courts unite in requiring a plain case and a strict compliance with the statute.    The case has been examined in all its aspects but it seems impossible to distinguish it, in principle, from Smadbeck v. Sisson.    The motion to vacate is granted.