WOODWARD LUMBER CO. v. VIZARD et al.

(Circuit Court, N. D. Georgia.  March 27, 1906.)

No. 1,965.

REMOVAL OF CAUSES—RECORD—ANCILLARY PROCEEDINGS.

Under the statutes of Georgia, and especially Civ. Code 1895, § 4518, which provides that an attachment against a nonresident of the state may be made returnable to the superior court of any county where an attachment is sued out in one county, and executed by serving summons of garnishment in another county on filing in the court therein a certified copy of the original affidavit and bond, the proceedings in the court where the service is made are ancillary to, and a part of, the original suit, and on a removal of such suit, the record required to be filed in the federal court includes such proceedings.

On Motion to Dismiss.

C. J. Haden, for plaintiff.
Smith, Hammond & Smith, for defendants.

NEWMAN, District Judge. In the view I take of this case it is unnecessary to consider many of the interesting questions ably argued by counsel at the bar and in the briefs filed with the court.

This is an attachment suit by the plaintiff, a citizen and resident of Fulton county, in this district, against A. Vizard, a citizen and resident of New Orleans, La., returnable to the city court of Atlanta. The attachment was levied by service of summons of garnishment on certain persons in Atlanta, as the representatives of foreign fire insurance companies, in accordance with the statute of Georgia (section 4550, Civ. Code Ga. 1895). Certified copies of the attachment, affidavit, and bond were obtained from the officer issuing the attachment in Fulton county and sent to a similar officer in Columbus, Muscogee

county, who issued summons of garnishment there, which was served upon the president of the Home Insurance Company, a Georgia corporation having its principal place of business in said city of Columbus. The garnishments were answered by the garnishees in Atlanta, and by the garnishee in Columbus, stating substantially that Vizard was insured in the respective companies for the amounts named, and that there had been a loss by fire covering the amounts of the several policies, but that all the policies had upon them an endorsement that the loss if any should be payable to the Farmers' Loan & Trust Company, trustee for bondholders, as its interest might appear at the time of the loss.

The foregoing facts have been stated as if they appeared of record in this case. The facts appear in this way: The defendant Vizard removed the case from the city court of Atlanta to the circuit court and only removed the record as it appeared of file in the city court of Atlanta. After removing the case to this court, the defendant moved to dismiss the case on the ground that this court for various reasons stated, was without jurisdiction. The plaintiff then filed a petition setting up the fact that a certified copy of the attachment and bond had been sent to the county of Muscogee, and the service of summons of garnishment there on the resident insurance company, and asked that the defendant be required to bring up the proceedings in the city court of Columbus as a part of the record in the cause. At the time this petition was filed, counsel for the plaintiff brought into court a certified copy of the proceedings in the city court of Columbus, Muscogee county, and filed the same.

The first question presented for consideration is whether the court can entertain a motion to require the defendant to bring up the record from the city court of Columbus in the shape it is presented here. I do not think the court should stop at the mere form of the matter, and refuse to go to the substance of the question involved. The question comes before the court really as if the plaintiff had filed the papers he did file, in response to the motion to dismiss, and had attached thereto a certified copy of the proceedings in the city court of Columbus, embracing a certified copy of the original bond and attachment returnable to the city court of Atlanta. So I shall consider it as appearing to the court that there was, as has been stated above, an attachment taken out returnable to the city court of Atlanta, and a certified copy of the affidavit and bond sent to Muscogee county, and the service of summons of garnishment issued there and served upon the Home Insurance Company. This being true, is the proceeding in Columbus, Muscogee county, a part of the case originally brought returnable to the city court of Atlanta? I think it is. It is a proceeding ancillary to that pending in the city court of Atlanta and entirely dependent upon it. No judgment could be taken in the city court of Columbus, notwithstanding the garnishee should answer that it has property or effects, or upon a traverse, if it should be found to have property or effects, until a judgment had been obtained in the city court of Atlanta and brought properly to the attention of the city court of Columbus.

While in a certain sense it is a separate suit, yet in the sense in which it is considered here, it is a part of and dependent upon the proceeding in the city court of Atlanta. But as absolutely controlling upon this matter to my mind is the effect of section 4518 of the Civil Code of Georgia, of 1895, which, after providing that attachments shall be returnable to the proper court or the county where the defendant resides, or where he last resided, proceeds:

"Except when the defendant resides out of the state; and in that case, if the debt sworn to exceeds $100, the attachment may be made returnable to the superior court of any county in this state; and if it does not exceed one hundred dollars, the attachment may be made returnable to a justice's court of any district of any county in this state."

This section has been construed by the Supreme Court of Georgia in Railway Co., v. Cleghorn & Co., 94 Ga. 413, 21 S. E. 227, as follows:

"Section 3272 (now section 4518) of the Code of 1882, declaring that an attachment against a non-resident of the state, where the debt sworn to exceeds one hundred dollars, may be made returnable to the superior court of any county, construed in the light of section 3270, seems to mean that such an attachment may be made returnable to the superior court of any county, without respect to whether or not the debtor has effects therein, either in the form of property subject to levy, or of credits subject to garnishment."

So an attachment may be sued out in one county and executed by serving summons of garnishment in any other county. In that case judgment would be obtained in the county in which the attachment was returnable, and could only be made effective in any way whatever by thereafter obtaining judgment against the garnishee in the county where the garnishee resided and was served. This being true where an attachment is taken out against a nonresident defendant, if the ancillary garnishment proceedings is not a part of the original suit, all the defendant would have to do would be to remove the original suit (the jurisdictional amount being involved) into the Circuit Court of the United States, and thereby entirely defeat the plaintiff's rights. If the position of counsel for the defendant in this case is sound, a plaintiff might for perfectly proper reasons take out his attachment, as authorized by the statute referred to, and the decision of the Supreme Court construing it, in the county of Fulton, then cause certified copies of the affidavit and bond for attachment to be sent to another county, having summons of garnishment served and hold up a sufficient amount of money to pay his debt, and yet his rights, and the proper result of his proceeding be entirely defeated by removing the original suit from the said court in Fulton county to the Circuit Court of the United States. Such a result as this should not be allowed if it can be avoided, and it is avoided by treating the ancillary suit as a part of the original suit.

But independently of this necessity for so holding, in order to preserve legal rights, I think an ancillary garnishment proceeding in another county is a part of the original suit, and should be so regarded, even if the unfortunate result which has been discussed would not ensue in cases of this character. The removal act requires that the record (of course the entire record) in the case removed should be

brought here, and I think the record in the garnishment proceeding in Columbus is a part of the record in this case, and it having been brought in a proper manner to the attention of the court, and a certified copy of such proceeding filed, it will be treated as a part of the record.

The above being true, it is unnecessary to consider how far the garnishments served upon certain gentlemen in Atlanta, as managers of foreign insurance companies can be made effective. The motion now is to dismiss the case, and it is not necessary to determine the effect of the proceeding against these companies, the garnishment, the service and their answers, until the matter shall come up on the hearing of the traverse to the answers.

The remaining question in the case as to the effect of the endorsement on these policies that "the loss if any shall be payable to the Farmers' Loan & Trust Company as trustee for bondholders, as its interest may appear at the time of the fire," should also come up on the hearing of the traverse to the answers to these garnishments, respectively, and should not be determined on this motion to dismiss the case. As there appears to be from, the record as I am now considering it, good service on the Home Insurance Company of Georgia, this, whether there be good service on the foreign companies or not, is sufficient to give the court jurisdiction.

It is not meant by this to preclude in any way the defendant from being heard as to the effect of the garnishment proceedings in Columbus, as I understood counsel for defendants to state that he desired to present further views upon that subject, if the proceeding there is treated as a part of the record in this case.

The motion to dismiss the case is denied.