## PARAGON COAL & COKE CO., Inc., v. J. W. KIRBY & SONS COAL CO., Inc.

(District Court, W. D. New York. October 28, 1925.)

No. 2507.

1. **Removal of causes ⟨key⟩111—Service of process and proceedings in state court respected on removal of action to District Court of United States.**

Service of process and proceedings in state court under Civil Practice Act N. Y. § 229, subds. 1, 3, and section 233, will be respected upon removal of action to District Court of the United States.

2. **Removal of causes ⟨key⟩112—Defendant may object generally to jurisdiction of court, or question validity of attachment, on removal of cause to United States District Court.**

Though jurisdiction is obtained under Civil Practice Act N. Y. § 229, subds. 1, 3, and section 233, and cause is removed to United States District Court, defendant nevertheless may object generally to jurisdiction of court, or question validity of attachment proceedings granted by state court.

3. **Removal of causes ⟨key⟩94—Removal not defeated by omission of sheriff to file inventory of property attached and serve notice as required by statute.**

Though removability of action depends on pleadings and record at time petition for removal is filed, the removal of an action in which there was an attachment is not defeated by omission of sheriff to comply with Civil Practice Act N. Y. § 917, subd. 3, and section 921, requiring filing of inventory and serving of notice of levy.

4. **Attachment ⟨key⟩318—Filing of sheriff's return required only in case attachment is vacated or annulled.**

In attachment proceedings, sheriff is required to file a return of property levied on under Civil Practice Act N. Y. § 921, only in case attachment is vacated or annulled.

5. **Removal of causes ⟨key⟩115—Compliance with statute regarding attachments may be shown by affidavit.**

In view of Civil Practice Act N. Y. § 910, on removal of case involving an attachment of

property, plaintiff may show compliance with statute by affidavit of sheriff, if documents bearing on right of removal and relating to property attached were not filed in clerk's office at time of removal.

**6. Attachment ⚖=172—Omission to make inventory in attachment proceedings held not to invalidate levy.**

Where officer making levy in attachment proceedings served a copy of warrant and notice required by Civil Practice Act N. Y. § 917, subd. 3, omission to make the inventory as required by section 921 does not invalidate the levy, since under section 947 either party may enforce filing of inventory.

At Law. Action by the Paragon Coal & Coke Company, Inc., against the J. W. Kirby & Sons Coal Company, Inc. On defendant's motion to quash service of summons and complaint and vacate attachment. Motion denied.

John E. Barry, of Buffalo, N. Y., for plaintiff.

Hull & Hammond, of Buffalo, N. Y. (Clark H. Hammond, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. [1] This action was brought in the Supreme Court of this state against a corporate citizen of the state of Pennsylvania, and on April 19, 1924, removed to this court on application of the defendant. A certain indebtedness owing to the defendant was attached, and the summons was personally served on the president of the defendant at Scranton, Pa., the place where it transacted business, under the provisions of section 229, subdivisions 1, 3, and section 233 of the state Civil Practice Act. Service of process and proceedings in the state court will be respected upon removal of the action to this court. Clark v. Wells, 203 U. S. 164, 171, et seq., 27 S. Ct. 43, 51 L. Ed. 138; Hudson, etc., v. Murray (D. C.) 236 F. 423 et seq.

[2] Jurisdiction having thus been obtained, defendant nevertheless has the right to object generally to the jurisdiction of the court, or question the validity of the attachment proceeding granted by the state court. The defendant company now appears specially and moves to quash the service of the summons, on the main ground that jurisdiction was not obtained over the subject-matter, in that no valid attachment of defendant's property eventuated, since there was a failure to comply with section 917, subd. 3, particularly, and section 921 of the Civil Practice Act.

The sheriff who executes the attachment is required by section 921 to immediately make an inventory of the property levied upon, sign the same, together with two disinterested appraisers, and file the appraisal within five days thereafter in the county clerk's office. The record removed to this court does not show that he has complied with the latter provision, and counsel for defendant maintains that such failure is jurisdictional, and also that the property levied upon does not appear to have been taken by the sheriff into his possession, and, moreover, notice showing the levy was not served upon the person who in fact has possession thereof. Was the attachment invalid because of such failure to file inventory and serve notice? An affidavit has been submitted by plaintiff, showing that a deputy sheriff made the levy and executed the warrant of attachment, and a certified copy of the original warrant submitted.

[3] The statute, as I read it, does not in terms require the sheriff to file the attachment or copy thereof. The removability of an action, true enough, depends upon the pleadings and the record at the time the petition for removal is filed. Munnss v. Am. Ag. Chem. Co., 216 Mass. 423, 103 N. E. 859, Wilson v. Oswego, 151 U. S. 56, 14 S. Ct. 259, 38 L. Ed. 70. But no authority is drawn to my attention holding the right of removal is defeated upon the omission of the sheriff to comply with the requirement above noted. The statute and rule 80 require filing proof upon which the warrant of attachment was allowed by the attorney for the attaching creditor, but this has been done, as the affidavits in the removal record show.

[4] The sheriff, however, is required to file a return to the county clerk's office only in case the attachment is vacated or annulled. See Bradner on Attachments, tit. 8, p. 226. In Tuck v. Manning, 63 Hun, 345, 17 N. Y. S. 915, the sheriff made a return that the attachment merged into judgment and execution which was subsequently obtained in the same action, and the court held that this return was irregular by the return of an unsatisfied execution where the debtor had property, and that plaintiff could not be deprived of the lien which he would otherwise have had. The court expressly stating that a return on the attachment by the sheriff was not required except on motion for its annulment.

[5] Section 910 requires the sheriff to safely keep the property attached, or part thereof, to satisfy plaintiff's demand. If documents bearing upon the right of removal and relating to such property attached were not filed in the clerk's office at the time

of removal, no substantial reason is presented for refusing to plaintiff the right to show compliance with the statute by the affidavit of the sheriff or his deputy, since the whole record has now been brought to the attention of. the court.   Woodward L. Co. v. Vizard (C. C.) 144 F. 982.

[6] It also appears by the affidavit of the officer making the levy that he served a copy of the warrant and notice required by section 917, subd. 3.   The omission to make the inventory does not invalidate the levy.   Nichols, Practice, vol. 2, § 1126; McGinn v. Ross, 11 Abb. Prac. N. S. (N. Y.) 20.   And under section 947, C. P. A., either party could have enforced compliance with the provision.

The motion to quash service of process and vacate the attachment is denied.

Dated, September 24, 1925.

The above was written, as the date shows, prior to the submission of an additional brief by counsel for defendant—a brief I have carefully read, but, in my opinion, nothing is contained therein to cause an alteration of my expressed views.   In view of the contention that defendant has not been heard on a motion to remand, I do not pass upon this suggestion contained in plaintiff's reply brief.

Dated October 27, 1925.