LOUIS A. SHAPIRO, Plaintiff, *v.* LOFT, INC., and Another, Defendants.

Supreme Court, New York County, December, 1931.

*Irving J. Beck,* for the plaintiff.

*O'Brien, Malevinsky & Driscoll* [*Arthur F. Driscoll* and *Benjamin Pepper* of counsel], for the defendants.

HAMMER, J. Defendant moves under article 56, sections 948, 949, of the Civil Practice Act to vacate a warrant of attachment obtained under the provisions of article 54, sections 902, subdivision 1, and 903, subdivision 1, of the Civil Practice Act by the plaintiff against the defendant, a foreign corporation. The motion is brought upon the grounds that the original papers are insufficient to support the issuance of such warrant.

The action is to recover the sum of $5,000, alleged to be the reasonable value of plaintiff's (an attorney) services to defendant under an implied contract. Defendants, under the provisions of article 57, sections 952 and 953, of the Civil Practice Act, have discharged the attachment by filing an undertaking in the sum of $5,000 as fixed by the court. This is the amount of damages demanded in the complaint.

The complaint herein is good in that it complies with the rule requiring that the allegations give the ultimate facts relied upon. The affidavit upon a warrant of attachment, however, is insufficient to show such cause of action unless the evidence is therein set forth from which the court can determine that the ultimate facts pleaded can be substantiated. Where the claim is unliquidated it is fatal not to set forth the evidence relied upon, for then the court has nothing before it showing the damages claimed with reasonable certainty which would justify issuing the warrant and taking the defendant's property in advance of adjudication. In order to sustain the attachment it was necessary for plaintiff in his affidavit to set forth the facts showing the employment, the services, and the value thereof, and the evidence which he claimed proved his damages. The court could then determine whether or not the facts substantiated the cause of action alleged in the complaint and that the unliquidated damages claimed were reasonably certain, and not speculative or problematical. This, plaintiff did not do, but, on the contrary, set forth generalities, conclusions and ultimate facts. (See *Georgis* v. *Giocalas,* 225 App. Div. 577; *Sicklick* v. *Schasseur,* 221 id. 742; *Abdun-Nur* v. *Arbeed,* 198 id. 795; *Pedro Y. Seltzer, Inc.,* v. *Brivio,* 191 id. 110; *Barbrick* v. *Carrero,* 184 id. 160; *Makepeace* v. *Dilltown, etc., Co.,* 179 id. 662; *Southwell* v. *Kingsland,* 85 id. 384; *Delafield* v. *Armsby Co.,* 62 id. 262.) No further affidavit of evidentiary fact has been submitted.

The giving by defendant of the undertaking herein to discharge the attachment does not preclude the defendant from now moving to vacate it for the insufficiency of the papers upon which it was issued, as plaintiff contends. (*Garbutt* v. *Hanff,* 15 Abb. Pr. 189; *Currie* v. *Riley,* 14 Wkly. Dig. 407; 27 Hun, 317; *Lawlor* v. *Magnolia Metal Co.,* 2 App. Div. 552; appeal dismissed, 149 N. Y. 591; *Rowles* v. *Hoare,* 61 Barb. 266; *Claflin* v. *Baere,* 57 How. Pr. 78; affd., 59 id. 20; 80 N. Y. 642.)

The right to make this motion to vacate was not waived by defendant's general appearance in the action as contended by plaintiff. This is so even though by such appearance it might even be said that defendant elected thereafter not to question either the allegation of foreign residence or the jurisdiction of the court over the action. It may of course be argued that the appearance is personal and, regardless of whether or not it is continued *in rem* as to the attached property or the *res* removed by a vacatur and the action's character *in rem* thus ended, the action may proceed *in personam.* A consideration thereof, however, is not necessary to the disposition here. Section 948 of the Civil Practice Act provides that the motion to vacate may be made at any time before the actual application of the attached property or the proceeds thereof to the payment of a judgment recovered in the action. Section 952 of the Civil Practice Act provides that " the defendant, at any time after he has appeared in the action, may apply to the judge who granted the warrant, or to the court, for an order to discharge the attachment as to the whole or a part of the property attached."

Vacatur proceeds upon the ground that the attachment is illegal, the property wrongfully attached, and the warrant should, therefore, be vacated.

Discharge assumes the legality of the attachment for the purpose of substituting security for the attached property and thus freeing the latter. The defendant by the discharge, however, does not necessarily admit that the *res* was properly or legally attached nor does he take the position that he will thereafter refrain from attacking the attachment.

The cases just cited above are authority for the proposition that the right to move to vacate is not lost by and after a discharge of the attached property. Since the appearance is necessarily required by the cited statute as a prerequisite to discharge it follows that under the Civil Practice Act sections and the authorities cited the right to move to vacate is not waived by the general appearance.

Motion to vacate granted. Settle order.