Benjamin B. Wesley, Respondent, *v.* Ethel Belle Drake, Formerly Known as Ethel Belle Colby and Ethel Belle Kaupp, Appellant.

First Department, February 2, 1934.

*Thomas F. Compton* of counsel [*Satterlee & Canfield,* attorneys], for the appellant.

*Benjamin B. Wesley,* respondent in person.

Merrell, J. We are of the opinion that in obtaining the warrant of attachment herein the plaintiff failed to present facts sufficient to justify the issuance of said warrant. The plaintiff was formerly the attorney for the defendant, who was a woman of large means. The plaintiff was supplanted by the present attorneys for the defendant. Thereupon plaintiff brought action against the defendant to recover the sum of $81,500 which the plaintiff claims to be the reasonable value of alleged legal services which he claimed to have rendered to the defendant. It is stated in the most general and vague terms in the affidavit used on the application for the warrant of attachment that between March 25, 1931, and April 28, 1933, the plaintiff defended actions at law; compromised and settled actions; furnished legal advice; drafted numerous legal documents, such as wills, mortgages, etc.; organized corporations; caused to have made tax reports and accountants' audits of defendant's affairs; collected and received income and profits from the defendant's properties; advised and instructed defendant for the purpose of protecting and safeguarding her welfare and interests;

held numerous and lengthy consultations and conferences for the same purpose; held numerous and lengthy consultations and conferences with adverse parties and attorneys, etc., for the same purpose; and performed all legal services necessary to protect defendant's interests, etc.; for which the plaintiff avers in his affidavit the defendant promised to pay the plaintiff the reasonable value thereof. The statements in their entirety are most general, and no statement of facts of such general allegations is made in any supporting affidavit. It does not appear what interests were defended, compromised or settled, or what legal advice the plaintiff provided for the defendant, or what documents he drafted. It does not appear what tax reports and accountants' audits of the defendant's affairs plaintiff caused to be made. The income and profits which he claims to have received are not specified, nor particulars furnished as to the lengthy consultations with the defendant and others. Not a single statement in the moving affidavit is a statement of fact or of evidence in support of the claims of the plaintiff. We do not think the affidavit was sufficient to justify the issuing of a warrant of attachment. The plaintiff is a very young man, apparently not long admitted to practice at the bar of this State, and yet he claims from this defendant the sum of $81,500 for legal services. It is quite evident that his bill for services was not diminished by the fact that he was discharged, and another employed by defendant in his place. In the absence of any statement of fact or evidence as to the services claimed to have been rendered by plaintiff, we do not think the court obtained jurisdiction to issue a warrant of attachment.

It is well settled in law that affidavits supporting a warrant of attachment must give such evidentiary details as will enable the court to determine the value of the plaintiff's claim, and that the failure to furnish affidavits giving such details is fatal to the validity of the attachment. (*Georgis* v. *Giocalas*, 225 App. Div. 577; *Sicklick* v. *Schasseur*, 221 id. 742; *Abdun-Nur* v. *Arbeed*, 198 id. 795.) In a recent case (*Shapiro* v. *Loft, Inc.*, 142 Misc. 144), upon very similar affidavits, the court vacated an attachment upon the ground that the moving papers were fatally defective in that the supporting affidavit failed to state evidentiary facts from which the court might determine the reasonable value of the services. Apparently there has been no appeal from the decision in *Shapiro* v. *Loft, Inc. (supra)*.

The court, on the defendant's motion, should have dismissed the warrant of attachment on the ground that the affidavits upon which the warrant was granted were insufficient.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and defendant's motion granted, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.