928

**HOTCHNER et al. v. BARRYMORE.**
**Civil No. 897.**

District Court, E. D. New York.
March 5, 1940.

Hotchner & Finn, of New York City, for plaintiffs.

O'Brien, Driscoll & Raftery, of New York City, for defendant.

BYERS, District Judge.

Motion for an order vacating a warrant of attachment.

This action is upon a written express contract, for the 'defendant's alleged breach of which the plaintiffs seek to recover judgment.

The cause was begun in the Supreme Court of this State (the venue being laid in the County of Queens), a copy of the summons and complaint having been accepted on January 29, 1940, at the office of the defendant's attorneys in lieu of personal service; on the next day notice of appearance was duly served.

On or about February 6th, a warrant of attachment was duly issued by Mr. Justice Hallinan, of that court, to the Sheriff of the County of New York, and levy was made upon a certain indebtedness to the defendant on the part of M. D. C. Corporation.

The attachment was sought on the ground that the defendant is a non-resident of the State of New York and is a resident of the State of California. This the petition for removal establishes.

The removal proceedings were perfected on or about February 23, 1940, and the case is now in this court.

An order to show cause to vacate the attachment was duly issued and made returnable on February 28th, and the motion seeks, in the alternative, that if the warrant be not vacated, it be reduced from the amount therein stated to constitute the claim of the plaintiffs, namely, $9,200, "to an extent commensurate with the reasonable value of the legal services actually rendered by plaintiffs to me"; the defend-

ant further asks "that plaintiffs be required to file additional security which shall be proportionate to whatever amount this court shall determine the attachment is valid".

■ The first ground of challenge, according to defendant's affidavit of February 23, 1940, is that the papers upon which the writ was granted are insufficient, in that while it is asserted, in the complaint and the affidavit upon which the warrant was granted, that the agreement of hiring, which is the basis of the plaintiffs' claim, appears to be an "alleged written agreement", no copy thereof is attached to either the complaint or the said affidavit.

Before passing upon the validity of that objection, it should be stated that the answering affidavit of the plaintiffs convincingly demonstrates that so much of the defendant's affidavit is disingenuous for the following reasons:

A. There was a prior action brought by these plaintiffs against this defendant upon that written agreement, in the courts of Illinois, and a copy thereof was made a part of the pleadings in that cause; the defendant filed answer and insisted upon a jury trial, thus delaying the plaintiffs' day in court, with the result that the action was discontinued without costs to either party, and the instant suit was instituted as soon as the defendant became subject to the jurisdiction of the New York courts. Thus it appears that the defendant knows exactly what the contract is, and could therefore have denied its existence, or alleged that under its terms the plaintiffs are not entitled to recover, had he deemed such averments to be in accord with the facts.

B. It is stated in said answering affidavit, and not denied by the defendant, that, when the attachment was sought in the Supreme Court and a copy of the written contract was submitted to Mr. Justice Hallinan, he directed the plaintiffs not to incorporate the document in their papers, in order to spare the defendant the embarrassment which might result to him from a disclosure of the terms thereof, and the plaintiffs were directed to frame their attachment papers so as to reveal the essential elements of the contract only; in deference to that direction the complaint and attachment affidavit were executed and filed in the form now under scrutiny.

■ No motion was made in the Supreme Court to vacate the attachment, and that fact is relied upon by the plaintiffs to sustain their contention that this court is presently without jurisdiction to entertain the motion.

That argument is opposed to what was said in the following cases: Paragon Coal & Coke Co. v. J. W. Kirby & Sons Coal Co., D.C., 9 F.2d 686; Dicks-David Co. v. Edward Maurer Co., D.C., 279 F. 281; Lefavour v. Whitman Shoe Co., C.C., 65 F. 785, 786.

The opinion in the last case contains the following: "The removal of the cause to this court makes it the vindicator of the writ which, by section 4 of the judiciary act of 1875 [now found in Title 28 U.S.C. § 79], is declared after removal to hold the goods or estate attached or sequestered to abide final judgment in this court."

Jurisdiction has been exercised in such matters in this circuit on numerous occasions: Laughlin v. Queen City Const. Co., C.C., 89 F. 482; Auerbach v. Internationale Wolfram Lampen Aktien Gesellschaft, C.C., 177 F. 458; Mayer v. Hungarian Commercial Bank of Pest, D.C., 21 F.Supp. 144.

■ It becomes necessary therefore to pass upon the merits of the defendant's motion.

An examination of the papers discloses that the complaint and the affidavit upon which the warrant was based give the date of the written contract in suit as April 29, 1939, and that the defendant engaged, generally retained and employed the plaintiffs as his attorneys at law on matters set forth therein, and upon definite and explicit terms with relation to the payment for their services; that the plaintiffs accepted such engagement and entered upon the performance of their contractual duties during the ensuing period of six weeks, and that they were engaged practically every day during that period in the representation of the defendant in his affairs and in the matters referred to in the said written agreement.

That, among other things, they brought two suits for him in the Supreme Court of the State of New York after investigation and preparation therefor, and appeared and defended him in one action in the City Court of the City of New York brought against this defendant.

That one of the actions brought on behalf of the defendant was against his fourth wife, and related to their marital status, and that another was on behalf of the de-

fendant for an accounting against the said fourth wife and her mother and another person; and that they rendered other services which are set forth with identifying details in connection with the matters above referred to.

That services were also rendered in relation to the tax affairs of the defendant, including the selection of another attorney to handle the same, and that they also prepared a last will and testament as desired by the defendant, and that they pursued inquiry and investigation with reference to insurance and property matters and affairs of the defendant, and other subjects pertaining to his calling.

That they incurred disbursements in the sum of $700, and that in part their charge is based upon a daily compensation of $200 in accordance with the terms of the said written contract.

Other and further details are stated which it is not necessary now to recapitulate, but it is quite clear that the plaintiffs' cause of action is pleaded upon a written express contract of general retainer, and not upon a quantum meruit.

It is thought that the plaintiffs had the right to bring their action in that guise. See Greenberg. v. Jerome H. Remick & Co., 230 N.Y. 70, 129 N.E. 211.

Authorities to the effect that, where a written contract of retainer is terminated by the client, and the lawyer thereafter sues upon a quantum meruit, the basis thereof must be pleaded with particularity, have no bearing upon this controversy.

This was a general retainer, and does not fall within the language of the Court of Appeals in the Matter of Montgomery, 272 N.Y. 323, at page 326, 6 N.E.2d 40, 109 A.L.R. 669, which is plainly directed to a contract for a *definite* purpose.

So much presently is deemed to be true, for the purpose of testing the sufficiency of the attachment papers, and of course is not to be regarded as an attempt to adjudicate the merits of this controversy.

Matter of Tillman, 259 N.Y. 133, 181 N. E. 75, did not involve a general retainer but special services pertaining to certain definite claims against foreign insurance corporations.

Wesley v. Drake, 240 App.Div. 59, 269 N.Y.S. 174, 175, was an action on the part of an attorney to recover $81,500, and the opinion states: "which the plaintiff claims to be the reasonable value of alleged legal services which he claimed to have rendered to the defendant".

Here the plaintiffs are not seeking the reasonable value of services but the contract price, and the fact that, in the cases relied upon by defendant, the court vacated the attachment because the papers did not state evidentiary facts from which a determination could be had of the reasonable value of the services, differentiates them from this controversy.

A typical case cited by defendant is Shapiro v. Loft, Inc., 142 Misc. 144, 254 N.Y.S. 197. The opinion shows that the action was brought to recover the reasonable value of an attorney's services, and the attachment papers were found to be insufficient for failure to disclose facts showing the employment, the services, and the value thereof.

In the affidavit in answer to the defendant's motion papers, the plaintiffs have submitted a copy of the contract here sued upon. Reference herein will not be made to the terms of that document, in agreement with the views of Mr. Justice Hallinan, whose scrutiny of the attachment papers was evidently thorough and complete.

The basis of the cause pleaded by these plaintiffs is quite definite and certain; the court is not called upon to place a reasonable value upon the services performed by the plaintiffs, and the contract is sufficiently described to establish the basis for recovery.

If the foregoing is not correctly reasoned, and the law of New York is that, in any case in which an attorney is discharged by his client, the former is inevitably and inexorably remitted to a quantum meruit basis of recovery, no matter how general the terms of his contract of employment, and how specific the provisions may be concerning the amount of his compensation, and the agreed sums which go to constitute it, a word should be said as to the sufficiency of the attachment affidavit to support a recovery for the reasonable value of the services therein recited.

It is the view of this court that the fact and details of hiring, and the particulars of the services rendered, have been sufficiently portrayed to establish a prima facie cause of action. Certainly it does not appear that the plaintiffs are unlikely to prove the asserted reasonable value of their services and the amount of their disbursements, or that they have been insufficiently indicated.

It is concluded that the attachment should not be vacated, in either view of the case.

From what has been written, it is obvious that there is no reason for directing that the amount levied upon shall be less than the amount sued for in the complaint, namely, the sum of $9,200.

No reason is shown in the moving papers why the plaintiffs should be called upon to file a greater security to sustain the writ of attachment than that which was found satisfactory to the Supreme Court of the State of New York. The two cases cited on this branch of the motion are not helpful.

Guest v. Lowther, 84 App.Div. 462, 82 N.Y.S. 1015, is wide of the mark, so far as the amount levied upon is concerned, and contains no statement of reasons for enlarging the attachment bond.

Ives v. Ellis, 35 Misc. 333, 71 N.Y.S. 971, contains reasons which are entirely absent here.

Motion denied. Settle order.