**ALLIED TIRE SALES, INC.**

v.

**The KELLY–SPRINGFIELD TIRE CO.**

(two cases).

**Civ. A. Nos. 43135, 43242.**

United States District Court
E. D. Pennsylvania.
Nov. 30, 1967.

Louis H. Katz; Neil H. Stein, Philadelphia, Pa., for plaintiff.

Henry T. Reath, of Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

## OPINION

JOHN MORGAN DAVIS, District Judge.

Before the Court is the plaintiff's petition for a preliminary injunction, filed jointly in the two above-captioned cases. Allied Tire Sales, Inc. (hereinafter referred to as "Allied") seeks to enjoin the defendant from prosecuting a complaint in assumpsit, in the Court of Common Pleas, Philadelphia.[1] Jurisdiction over Allied in the Common Pleas action was obtained by way of foreign attachment,[2] which Allied also seeks to have quashed.

The dispute between the parties has arisen over the possession of certain snow tires, which by the admission of the parties have become increasingly valuable, partly as a result of the recent labor strike involving the automobile tire manufacturers. Briefly, the legal proceedings which have heretofore transpired in an attempt to gain possession of the tires commenced by the filing of a breach of contract suit by Allied against The Kelly-Springfield Tire Co., (hereinafter referred to as "Kelly") on July 14, 1967 (Civil Action No. 43135), in which it was alleged that the dealer sales agreement between the parties was violated. Subsequently, on July 28, 1967, Kelly instituted two suits; in the Court of Common Pleas, Philadelphia, and in the Burlington, New Jersey County Court wherein it sought to obtain possession of the tires by replevin with bond. Another suit was then commenced by Allied in this Court, (Civil Action No.

---

1. Kelly-Springfield Tire Co. v. Allied Tire Sales, Inc., No. 2205, November Term, 1967.

2. Rule 1252, Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix states in relevant part:

   A foreign attachment may be issued to attach property of a defendant not exempt from execution upon any cause of action at law or at equity * * * in which the relief sought includes a judgment or decree for the payment of money when * * *

   (3) The defendant is a foreign corporation * * * even though registered in the Commonwealth.

43242) on July 31, 1967, alleging *inter alia*, that Kelly participated in a conspiracy in restraint of trade, in violation of the Sherman and Clayton Acts. Allied then petitioned this Court for a preliminary injunction wherein it sought to enjoin the sheriffs of Philadelphia and Burlington Counties from enforcing the writs of replevin. This petition was dismissed on August 7, 1967, but only after Allied had posted counter bonds in the requisite amount, thereby retaining possession of the snow tires.

In both suits instituted by Allied in this Court, Kelly counterclaimed for damages on a breach of contract theory.

Finally, on November 1, 1967, Kelly instituted two additional breach of contract suits, again in the Burlington County Court and in the Court of Common Pleas, Philadelphia in the Philadelphia action. Jurisdiction over Allied, a New Jersey corporation, was obtained by the foreign attachment of the same tires, which were physically present within the Commonwealth. It is this latter lawsuit which forms the subject matter of the petition by Allied for a preliminary injunction presently before the Court.

■ Subsequent to the commencement of the petition for preliminary injunction, however, Allied filed a petition for removal of the November 1st suit from the Court of Common Pleas, Philadelphia, in accordance with 28 U.S.C.A. § 1441 et seq.[3] The removal becomes automatic at such time as the provisions of 28 U.S.C.A. § 1446 regarding notice to adverse parties, filing a copy of the petition with the state court, and the posting of a bond on removal in an appropriate amount are accomplished. Flowers v. Aetna Cas. & Sur. Co., 163 F.2d 411 (6th Cir. 1947); Barron & Holtzoff, 1 Federal Practice and Procedure, § 107 p. 526.

■■ Since this action has been removed, 28 U.S.C.A. § 2283 is applicable,

which authorizes the District Court to issue an injunction to stay further proceedings in the state court, if deemed necessary "in aid of its jurisdiction, or to protect or effectuate its judgments." This statute has been construed to permit the injunction of further state proceedings, when the case has been removed to the District Court. Reines Distributors, Inc. v. Admiral Corp., 182 F.Supp. 226 (S.D.N.Y.1960). Consequently, the petition for a preliminary injunction staying further state proceedings must be granted.

■ The more significant question is whether the foreign attachment should remain in effect. Under Rule 64 of the Federal Rules of Civil Procedure, the foreign attachment is " * * * available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought * * *." However, this is subject to the following qualifications: * * *

(1) Any statute of the United States governs to the extent to which it is applicable;

(2) * * * if removed from a state court [the action] shall be prosecuted, after removal, pursuant to these [Federal] rules.

The Federal statute governing attachment or sequestration of the defendant's property subsequent to removal, 28 U.S.C.A. § 1450 provides, in relevant part:

" * * * All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

This has been construed to authorize the Federal Court upon removal to reexamine whether a requirement still exists for continuing a writ of attachment formerly obtained in the state court. Dicks-David Co. v. Edward Maurer Co., 279 F. 281 (D.C.N.J., 1922);

---

3. Kelly-Springfield Tire Co. v. Allied Tire Sales, Inc., Civil Action No. 44019, designated in the Court of Common Pleas, Philadelphia, as No. 2205, November Term, 1967.

Hotchner v. Barrymore, 31 F.Supp. 928 (E.D.N.Y., 1940).

 An examination of Pennsylvania law, upon which the writ was originally obtained, has revealed that foreign attachment is primarily designed to compel a foreign non-resident to appear within the jurisdiction and defend the plaintiff's claim. Fairchild E. & A. Corp. v. Bellanca Corp., 391 Pa. 177, 137 A.2d 248 (1958); Sniderman v. Nerone, 336 Pa. 305, 9 A.2d 335 (1940).[4] However, since Allied has submitted to the jurisdiction of this Court by filing a petition for removal, the principal purpose of foreign attachment, i. e., to create *quasi-in-rem* jurisdiction over the defendant, is no longer applicable. Nor is there any danger that jurisdiction over Allied will terminate if the foreign attachment is subsequently quashed. Chemical Natural Resources, Inc. v. Republic of Venezuela, 420 Pa. 134, 141, 215 A.2d 864 (1966).

 The secondary purpose of foreign attachment is to produce a fund out of which the plaintiff's claim, if successfully prosecuted, can be satisfied. Marano v. Granata, 151 Pa.Super. 454, 30 A.2d 243 (1943); Warner Co. v. Brann & Stuart Co., 198 F.Supp. 634 (E.D.Pa., 1961). Accordingly, Kelly need not rely upon the foreign attachment as a source of satisfaction, since Allied has already provided such a fund in the form of the counterbond in the amount of approximately $325,000 which it was obliged to furnish pursuant to the replevin actions of July 28, 1967. To require the continuation of the foreign attachment would subject Allied to the burden of providing security in an amount approximating twice the amount of Kelly's claim for damages. Although several lawsuits are involved in which Kelly has either claimed damages as plaintiff, or counterclaimed for damages in suits instituted by Allied, it is axio-matic that recovery for breach of contract can only be effected once. Consequently, the continued imposition of additional security in the form of foreign attachment in the circumstances herein presented, clearly constitutes an inequitable burden.

### ORDER

And now, this 30th day of November, 1967, it is hereby ordered that the defendant Kelly-Springfield Tire Company is enjoined from further prosecution in the Court of Common Pleas, Philadelphia of a cause of action bearing the caption Kelly-Springfield Tire Co. v. Allied Tire Sales, Inc., October Term, 1967, No. 2205; such action having since been removed to this Court.

It is further ordered that the foreign attachment instituted by Kelly-Springfield Tire Co. pursuant to the aforementioned suit in the Court of Common Pleas, Philadelphia, is hereby quashed.

---

4. The writ of foreign attachment first became available in Pennsylvania by the Act of June 13, 1836, P.L. 568, 12 P.S. Pa. § 2891. Although this Act was superceded by Rule 1252 of the Pennsylvania Rules of Civil Procedure, effective October 1, 1954, prior decisional law, where consistent, is still valid. Alpers v. New Jersey Bell Telephone Co., 403 Pa. 626, 170 A.2d 360 (1961).