**ALLIED TIRE SALES, INC.**

v.

**The KELLY–SPRINGFIELD TIRE CO.,**
**Appellant.**

**The KELLY–SPRINGFIELD TIRE CO.,**
**Appellant,**

v.

**ALLIED TIRE SALES, INC.**

**Nos. 17010, 17011 and 17020.**

United States Court of Appeals
Third Circuit.

Argued March 8, 1968.

Decided July 3, 1968.

Rehearing Denied July 29, 1968.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for appellant in all cases, Kelly-Springfield Co.

Aaron M. Fine, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., (Harold E. Kohn, Philadelphia, Pa., on the brief), for appellee in all cases.

Before BIGGS, SEITZ and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

SEITZ, Circuit Judge.

A chronological narration of the events as they unfolded is important to an understanding of the appeals in these three actions. Appellee, Allied Tire Sales, Inc. ("Allied"), filed a civil action (No. 43,-135 in the United States district court) against appellant, the Kelly-Springfield Tire Co. ("Kelly"), alleging breach of a dealer sales agreement. Shortly thereafter, Kelly filed three replevin actions (two in the Pennsylvania State Courts

and one in the New Jersey State Court) against Allied to recover possession of certain snow tires allegedly shipped to Allied on consignment and stored by Allied in Pennsylvania and New Jersey. Kelly apparently tendered bonds in all three actions, but Allied, denying the consignment and claiming ownership, filed counter bonds and retained possession of the tires. Still later, Allied filed a second civil action (No. 43,242 in the district court) alleging that Kelly participated in a conspiracy in restraint of trade in violation of the Clayton and Sherman Acts.

On November 1, 1967, Kelly brought an assumpsit action against Allied in a Pennsylvania State Court and proceeded by foreign attachment to seize certain tires. By this action it sought to recover sums allegedly owed for the snow tires which were the subject matter of the replevin actions as well as for amounts of money allegedly owed for regular tires purchased on open account.

On November 3, 1967, Allied filed a petition in both of its district court actions seeking a preliminary injunction to prevent Kelly from prosecuting its foreign attachment assumpsit action in the Pennsylvania State Court. Kelly filed an answer to the petition contravening many of its factual allegations. At the oral argument on the petition on November 8, 1967, the court was advised by Allied's counsel that it intended to remove the state assumpsit action to the district court. The court took the petition under advisement and on the same day the assumpsit action was in fact removed to the district court (No. 44,019). On November 20, 1967, Allied filed in the removed action a motion to quash the writ of foreign attachment. But no such relief was sought in the actions wherein the decision on Allied's application for a preliminary injunction was pending.

On November 30, 1967, the district court handed down an opinion and order on the application for a preliminary injunction, 277 F.Supp. 21. Not only was Kelly enjoined from proceeding further with the assumpsit action (then in district court) but the attachment was also quashed. Thereafter, on December 5, 1967, another district judge, on motion but out of deference to the determination of the district judge in the other actions, entered an order in the removed assumpsit action quashing the foreign attachment. Both orders of the district court have been stayed pending the determination of these appeals therefrom.

Allied has moved to dismiss the appeals as moot on the basis of the fact that after the tires were attached Allied registered as a foreign corporation in Pennsylvania and received a certificate to do business therein. Allied does not deny that the attachment was valid when made. It argues that its subsequent change of "residence" constituted a constructive death of the corporation with a resultant demise of the attachment. We do not agree. Pennsylvania law makes clear that a foreign attachment, validly laid is not dissolved by the death or dissolution of a defendant or garnishee. Pa.R.C.P. 1272(b), 12 P.S. Appendix. This rule would seem to indicate that Allied's suggested analogy is vacuous. Indeed, the argument also fails to give weight to the fact that one function of foreign attachment under Pennsylvania law is to assist in obtaining satisfaction of a judgment. Finally under Rule 1272(a) an attachment is not dissolved by a defendant's appearance. These considerations, inter alia, require the denial of the motion to dismiss on the ground of mootness.

Allied next argues that the orders, the injunction apart, are not appealable within the meaning of 28 U.S.C. § 1291. A panel of this court, in denying a motion to dismiss based on that ground by an order dated January 11, 1968, has decided that issue.

We turn next to "merits" of the two orders involved in these appeals.

The application for a preliminary injunction was made by Allied in the two actions which it commenced in the district court. It sought only an in per-

sonam injunction preventing Kelly from pressing its state court assumpsit action. The district court stated that it would grant such an injunction but went on to rule that it worked an inequitable burden on Allied to continue the foreign attachment. Thus, its order of November 30, 1967, not only granted the requested injunctive relief but also quashed the foreign attachment in the then removed assumpsit action.

Kelly's counsel contends that it was improper for the district court even to consider vacating the foreign attachment. He correctly points out that the petition for a preliminary injunction, which formed the basis for the district court's order of November 30, 1967, did not contain a prayer requesting that the attachment be quashed. This is explained of course by the fact that at the time the petition was filed the assumpsit action had not yet been removed to the district court and thus Allied was limited in the district court to in personam relief. Kelly's counsel also contends that nothing was said in the briefs or at the oral argument which would have constituted notice that the quashing of the attachment was to be considered.

We have reviewed the transcript of the argument on the preliminary injunction. It does indicate that the assumpsit action was about to be removed. But nowhere is there an indication, let alone a request by Allied's counsel, that the relief sought included the quashing of the attachment after removal. We think it clear that the district court, in quashing the attachment, ruled on an issue not raised or argued and did so without notice to counsel.

Allied's primary contention in support of the district court's action is that the court had the power to quash the attachment. But that is not the issue here. The point is that, assuming such power, substantial legal and factual issues going to the proper exercise of the power would have been advanced to the district court by Kelly had the opportunity been afforded. Whether they would have been accepted by the district court is beside the point. At a minimum, a sound exercise of discretion dictated that the district court not vacate the attachment on its own intiative. Rather, the parties were entitled to make an adequate presentation directed to such issue before the court ruled thereon.

We therefore conclude that so much of the order of the district court dated November 30, 1967, as purports to quash the foreign attachment in the removed assumpsit action should be vacated and further proceedings, if any, in respect of the particular subject matter should be conducted with due regard to this opinion.

■ We next consider the order quashing the attachment which was entered in the removed action on December 5, 1967, by another district judge. The basis for this order is best understood by reference to a memorandum filed by that judge on February 14, 1968, denying Kelly's motion for modification of its order of December 5, 1967. In his memorandum the judge stated that he felt that the order entered by his brother district judge on November 30, 1967, in the other actions was the "law of the case" and that inconsistent action by him would have been inappropriate. He further stated that he relied upon the opinion in those actions as the basis for the entry of his order of December 5, 1967.

The memorandum in question makes it clear that the judge did not make an independent determination of the merits of the motion but, on the contrary, understandably relied on the action taken by another member of the court. However, since the exclusive basis for his decision was the opinion and order which we are vacating, it follows that his order of December 5, 1967, in the removed action must also be vacated.

We assume that on remand the district court will consider the advisability of having the same judge handle all aspects of this interrelated litigation.

The motion to dismiss the appeals will be denied. The order of the district

court dated November 30, 1967, in C.A. Nos. 43,135 and 43,242 (Nos. 17,010 and 17,011 in this court) will be vacated to the extent it purported to quash the foreign attachment in the removed action and those cases will be remanded for proceedings not inconsistent with this opinion. The order of the district court dated December 5, 1967, in C.A. No. 44,019 (No. 17,020 in this court) will also be vacated and the case remanded for proceedings not inconsistent with this opinion. The stays are of course dissolved.